[No. E030638. Fourth Dist., Div. Two. Oct. 23, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICIA ANN MURILLO, Defendant and Appellant.

**COUNSEL**

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holley A. Hoffman and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, J.**—Defendant, Patricia Ann Murillo, appeals from an order revoking probation and sentencing her to 16 months in state prison. She contends the trial court erred in its determination that she was ineligible for probation pursuant to Proposition 36. We agree. Accordingly, we reverse.

## Procedural History and Facts

On August 16, 1999, defendant pled guilty to charges of felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) [felony possession of a controlled substance]) in response to a felony complaint (FWV18439) filed by the People on August 2, 1999. On September 13, 1999, defendant was sentenced to 36 months of supervised probation on various terms and conditions, 130 days in jail (with 47 days' credit for time served), and was ordered to pay a restitution fine of $220.

On July 5, 2000, a petition for revocation of probation was filed, alleging that defendant had violated the terms of her probation by failing to inform her probation officer of a change of residence. On September 28, 2000, defendant was found to be in violation of probation. The trial court reinstated probation on the original terms, modifying the amount of restitution to be paid.

On October 3, 2000, the People filed a complaint (FWV021156) alleging violations of Health and Safety Code sections 11377, subdivision (a) (possession of a controlled substance) and 11550, subdivision (a) (being under the influence of a controlled substance), for possession and use of methamphetamine. On October 16, 2000, pursuant to a plea bargain, being under the influence of a controlled substance charge was dismissed and defendant pled guilty to possession of methamphetamine. Accordingly, on October 20, 2000, defendant was sentenced to 36 months of probation on various terms and conditions, and ordered to participate in the drug court rehabilitation program.

On May 25, 2001, defendant was found in violation of probation after testing positive for drug use. The drug court reinstated probation and ordered her to serve 270 days in jail and participate in the Inroads program. On September 21, 2001, defendant was again found in violation of probation after testing positive for drug use. As a result she was dropped from the drug court program.

On November 5, 2001, defendant filed a memorandum requesting drug treatment pursuant to Proposition 36 (Pen. Code, § 1210 et seq.). At the probation revocation hearing on November 8, 2001, the trial court denied defendant's application for drug treatment, stating in relevant part: "For the record, I am going to commit the defendant to 16 months in the state prison for the following reasons: I believe that a careful reading of 1210.1 allows the Court to retain discretion to revoke probation even where the defendant poses no danger to others. . . . Nowhere does [the law] restrict the trial court's ability to revoke probation. . . . [¶] . . . [¶] Miss Murillo . . . .

You obviously did not take advantage of drug court, and I believe in terms of your amenability for Prop. 36 that you are not a viable candidate for Prop. 36. I believe I do have the discretion to revoke your probation, and I am going to remand you to state prison. Hopefully you will get the rehabilitation you need through state prison as well as on your parole. The state courts have done everything we can to assist you. You just don't have the desire at this point to take that assistance." This appeal followed.

DISCUSSION

 Defendant contends the trial court erred when it determined that she was ineligible for probation under Proposition 36. The People respond that under Proposition 36 the trial court maintains full discretion over probation revocation proceedings, and that defendant's probation was properly revoked. We disagree with the People.

Proposition 36, the "Substance Abuse and Crime Prevention Act of 2000" (Act) was approved by voters on November 7, 2000. The Act took effect on July 1, 2001, and is codified in Penal Code sections 1210, 1210.1, 3063.1[1] and division 10.8 (commencing with § 11999.4) of the Health and Safety Code. The Act extends to defendants on parole at the time it took effect. (*In re DeLong* (2001) 93 Cal.App.4th 562, 569 [113 Cal.Rptr.2d 385].) The stated purpose and intent of Proposition 36 was "[t]o divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [¶] . . . [t]o halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment[.]" (Prop. 36, § 3.) Section 1210.1 states in relevant part: "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. [¶] . . . [¶] (e)(1) If probation is revoked pursuant to the provisions of this subdivision, the defendant may be incarcerated pursuant to otherwise applicable law without regard to the provisions of this section."

Our Supreme Court has stated: " '[t]o seek the meaning of a statute is not simply to look up dictionary definitions and then stitch together the results. Rather, it is to discern the sense of the statute, and therefore its words, *in the legal and broader culture.* Obviously, a statute has no meaning apart from its words. Similarly, its words have no meaning apart from the world in which they are spoken.' " (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114 [86 Cal.Rptr.2d 884, 980 P.2d 433].) We review the present matter accordingly.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

It is clear from the language of the statute and from its stated purpose that the intention of the voters was to prevent trial courts from incarcerating and reincarcerating nonviolent drug users. The Act requires mandatory sentences of probation for nonviolent drug possessors and their diversion into community-based treatment programs. Only defendants who fall into a particular excluded category of persons may be incarcerated. While the trial court retains the discretion to add additional conditions of probation it "*may not impose incarceration as an additional condition of probation.*" (§ 1210.1, subd. (a), italics added.)

Both parties agree that none of the exclusions in section 1210.1, subdivision (b), apply to defendant.[2] Both parties appear to agree that defendant is a member of the class of persons described in section 1210.1, subdivision (e)(3)(D), which states: "If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation . . . and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program."

Defendant contends that the trial court never concluded that she was a danger to others, and therefore it could not revoke probation under section 1210.1, subdivision (e)(3)(D). The People respond that the language of the statute does not preclude the trial court from using its long-standing discretion to revoke probation, under sections 1203.2 and 1203.3. At oral argument, the People argued more specifically that section 1210.1, subdivision

---

[2]Subdivision (b) states: "Subdivision (a) does not apply to either of the following: [¶] (1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person. [¶] (2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony. [¶] (3) Any defendant who: [¶] (A) While using a firearm, unlawfully possesses any amount of (i) a substance containing either cocaine base, cocaine, heroin, methamphetamine, or (ii) a liquid, nonliquid, plant substance, or hand-rolled cigarette, containing phencyclidine. [¶] (B) While using a firearm, is unlawfully under the influence of cocaine base, cocaine, heroin, methamphetamine or phencyclidine. [¶] (4) Any defendant who refuses drug treatment as a condition of probation. [¶] (5) Any defendant who (A) has two separate convictions for nonviolent drug possession offenses, (B) has participated in two separate courses of drug treatment pursuant to subdivision (a), and (C) is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment. Notwithstanding any other provision of law, the trial court shall sentence such defendants to 30 days in jail."

(a) applied to the initial sentencing decision, and did not apply to a decision to revoke probation.

We disagree with the People's argument. Section 1210.1, subdivision (a) requires the trial court to sentence persons convicted of nonviolent drug possession offenses to probation. It specifically applies notwithstanding any other provision of law, thus indicating the electorate's intention to treat this class of offender as a separate class. Once sentenced to probation under this section, a defendant may have the probation revoked for either nondrug offenses or drug offenses.

Section 1210.1 subdivision (b), further defines the persons to be sentenced to probation, and subdivision (c) defines the drug treatment program to be implemented for the individual offender. Subdivision (d) provides for the dismissal of charges upon successful completion of drug treatment, and subdivision (e) deals with violation of probation.

The subsections of section 1210.1, subdivision (e) provide standards for revocation of probation for persons who have violated probation one, two or three times. Subdivision (e)(1) provides: "If probation is revoked pursuant to the provisions of this subdivision, the defendant may be incarcerated pursuant to otherwise applicable law without regard to the provisions of this section."

Section 1210.1 thus provides a comprehensive scheme requiring probation for persons convicted of nonviolent drug possession offenses, and providing standards for the revocation of that probation for violation of the probation. We therefore disagree with the People's argument that the section does not apply to probation revocation. After all, as defendant argued, the purpose of the statute was to divert persons convicted of nonviolent drug possession and drug use offenses from incarceration into community-based treatment programs. (Prop. 36, § 3(a).)

The specific revocation standards are set forth in section 1210.1, subdivision (e)(3)(D), (E), and (F). Under subdivision (e)(3)(D) if the defendant has been proven to have violated probation, the state must prove "by a preponderance of the evidence" that the defendant "poses a danger to the safety of others." Under subdivision (e)(3)(E) if a defendant has been proven to have violated probation for a second time the trial court must find that the defendant "poses a danger to the safety of others *or* that the defendant is unamenable to drug treatment." (Italics added.) If a defendant is found to have committed three violations of his or her probation, subdivision (e)(3)(F) applies and "defendant is not eligible for continued probation . . . ."

 As we have said in *People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530, 536 [118 Cal.Rptr.2d 529], "[i]n interpreting a voter initiative, the same principles that govern statutory construction apply. Thus, the courts first turn to the language of the statute, giving the words their ordinary meaning." The statute at bar, on its face, takes discretion away from the trial court by mandating that persons convicted of nonviolent drug possession offenses "shall receive probation." The People cite our decision in *Walt Rankin & Associates, Inc. v. City of Murrieta* (2000) 84 Cal.App.4th 605, 614 [101 Cal.Rptr.2d 48], arguing that " 'shall' is usually interpreted to mean mandatory when analyzing California codes unless the context requires otherwise." We agree. The term "shall receive probation" is mandatory and the context does not indicate otherwise.

The trial court concluded that defendant was unamenable to drug treatment based on her repeated prior probation violations and her failure to complete the drug court program, and exercised its authority to revoke probation under the general provisions of sections 1203.2 and 1203.3. The trial court gave no reason why section 1210.1, subdivision (e)(3)(D) should not apply, stating that: "the defendant entered into a contract with both the Court and the prosecution that indicated—even though this was prior to Prop. 36—that if she failed to comply with the terms and conditions of the drug court, that she would receive 16 months in the state prison, and now the Court and the prosecution should have the benefit of that contractual obligation entered into by [defendant]. [¶] . . . [¶] I believe I do have the discretion to revoke your probation, and I am going to remand you to state prison." The trial court disregarded the mandatory language of subdivision (a) which indicates that the Act is controlling even though other more general provisions may apply. The subsequent change in the law supersedes the terms of the plea agreement. (See *People v. Legault* (2002) 95 Cal.App.4th 178, 181 [115 Cal.Rptr.2d 352]; *People v. Woodhead* (1987) 43 Cal.3d 1002, 1011 [239 Cal.Rptr. 656, 741 P.2d 154] [ambiguities in penal statutes are to be construed most favorably to the accused]; see also *In re DeLong, supra,* 93 Cal.App.4th 562, 570.) In *Legault* we held that a defendant who was sentenced prior to the July 1, 2001, effective date of the Act was not entitled to its benefits. Here defendant was sentenced prior to the Act's effective date, however, the triggering probation violation occurred on September 21, 2001, which was after the Act's effective date.

The trial court lacks the authority under section 1210.1, subdivision (e)(3)(D), to use unamenability as a standard for revoking probation. The only standard in that subdivision is danger to the safety of others. If it had been the intent of the Legislature or the voters to allow the revocation of probation for all violators who were unamenable to drug treatment this standard would have been included in subdivision (e)(3)(D), as it was in

subdivision (e)(3)(E) and (F). If defendant is considered as having one probation violation after the effective date of Proposition 36, then subdivision (e)(3)(D) applies and her probation may only be revoked after a finding that she poses a danger to the safety of others.[3]

The People refer to the Legislative Analyst's analysis of Proposition 36 and suggest that it is indicative of an intention to leave discretion to revoke probation with the trial court. That analysis indicated that revocation of probation and incarceration were possible sanctions for repeat probation violators. We agree with this analysis, however, it is not dispositive. The use of these sanctions is outlined in the text of section 1210, which is comprehensive for the persons it describes and not subject to override by the general provisions of sections 1203.2 and 1203.3. Additionally, the 2000 ballot measure summary for Proposition 36 stated that "[Prop. 36] [r]equires probation and drug treatment program, not incarceration, for conviction of possession, use, transportation for personal use or being under the influence of controlled substances and similar parole violations, not including sale or manufacture." (Voter Information Guide, Gen. Elec. (Nov. 7, 2000) ballot measure summary for Prop. 36, p. 22.) If the trial court maintained the ability to revoke probation under sections 1203.2 and 1203.3, without regard to the limiting language of section 1210.1, which states the necessary findings to be made for each violation of probation after the effective date of Proposition 36, the purpose of Proposition 36, and the will of the voters, would be undermined.

### DISPOSITION

The judgment is reversed. On remand, the trial court is instructed to reinstate defendant's probation under Proposition 36.

Ramirez P. J., and McKinster J., concurred.

A petition for a rehearing was denied November 19, 2002, and on October 28, 2002, and November 22, 2002, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied January 15, 2003.

---

[3]Since the People have not raised the issue that defendant belongs in another category, given her probation violations prior to the Act's effective date, we decline to reach this issue on review.