[No. A096823. First Dist., Div. One. Feb. 27, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
MAURICE WILLIAMS, Defendant and Appellant.

COUNSEL

Gloria C. Cohen for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Martin S. Kaye and Catherine A. McBrien, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, Acting P. J.**—Maurice Williams appeals from an October 19, 2001, order revoking his probation and committing him to state prison. The appeal presents issues concerning the application of the Substance Abuse and Crime Prevention Act of 2000 (Proposition 36) on defendants on probation on July 1, 2001, the effective date of the act.[1] We find (1) that Proposition 36 applies to defendants whose probation is revoked after the effective date of the act as a result of an arrest occurring prior to the act's effective date, and (2) that a defendant's pre-act violations of probation must be considered in determining whether the defendant is eligible for further probation.

In light of the above findings, we conclude that Proposition 36 applies to appellant, and that under Proposition 36, appellant's numerous failures on probation rendered him ineligible for further probation. We therefore affirm the order revoking probation.

We find it unnecessary to consider whether Proposition 36 effectively eliminates a trial court's discretion to revoke probation in other situations.[2]

### Factual/Procedural History

The record of appellant's arrests as an adult dates back to February 9, 1984, and includes numerous arrests for drug-related offenses, as well as for various other crimes, some of a violent nature. In May 1999, appellant was arrested for possession of a controlled substance and for possession of controlled substance paraphernalia. He ultimately entered a plea of no

---

[1]Uncodified section 8 of the act provides, as relevant, "Except as otherwise provided, the provisions of this act shall become effective July 1, 2001, and its provisions shall be applied prospectively."

[2]The issue of a trial court's discretion under Proposition 36 was addressed, recently, by the court in *In re Mehdizadeh* (2003) 105 Cal.App.4th 995 [130 Cal.Rptr.2d 98], where it was held that probationers subject to Proposition 36 can only have their probation revoked in accordance with the terms of the act. (*Id.* at p. 1006.)

contest to a charge of possession of base cocaine. In June 1999, the court suspended imposition of sentence and placed appellant on probation for a period of three years.

On August 30, 1999, appellant was arrested for being in possession of two pieces of rock cocaine. (Health & Saf. Code, § 11350.) On September 7, 1999, appellant was arrested for petty theft. (Pen. Code, §§ 484, subd. (a), 666.) These arrests resulted in the filing of separate petitions to revoke appellant's probation. Appellant's probation was revoked, but on January 13, 2000, it was reinstated and modified to require him to enroll in, and complete, a drug treatment program. As part of this process, appellant entered into a "Residential Drug Program Contract," under which he agreed that completion of the program would be a condition of his probation. Appellant further agreed, as part of this contract, that if he failed to complete the program, his probation would be revoked and he would be sentenced. He further agreed to waive all program and custody credits to which he otherwise would have been entitled.

Appellant did not immediately enroll in a program. On February 23, 2000, he was arrested for possession of a controlled substance, battery, crossing against the light and failing to appear on a traffic violation. By the time of a June 13, 2000, hearing, however, he had enrolled in a treatment program, and the court on that date simply ordered him to complete that program as a condition of continued probation. Appellant left the drug treatment program, and, on August 22, 2000, was arrested for possession of rock cocaine.[3]

By this time, appellant's Alameda County probation officer was recommending against any further probation for appellant, pointing out that he had suffered numerous convictions and that his performance on probation had been poor. The Alameda County probation officer, like the San Francisco probation officer, stated a belief that appellant was willing to enter drug treatment only as a means of avoiding incarceration, that he was not truly motivated to enter a live-in program, and that he would abscond if he were to be enrolled in a program.

The court, however, decided to give appellant one last chance at rehabilitation. On January 11, 2001, the court explained to appellant that it was considering two alternatives. The first was to impose a sentence of 16 months in state prison. The second was to impose a term of two years, but

[3]In the meantime, appellant was in trouble in San Francisco. He had been placed on felony probation there on November 25, 1997, for battery and for possession of a controlled substance. He was arrested for another drug offense on December 5, 2000, and yet again for petty theft. His probation officer in San Francisco stated her opinion that appellant continued to ask for drug treatment simply as a means of avoiding incarceration.

stay execution of sentence and allow appellant to continue on probation, extending the period of probation to four years, on the condition that appellant enter and complete a drug-treatment program and that he waive all but 100 days of credits for time served. Appellant requested the second alternative. He then waived his rights to the filing of a formal petition for revocation of probation and for a hearing on the truth of the allegations that he had violated his probation. The court revoked appellant's probation and sentenced him to a term of two years in state prison. It suspended execution of sentence and restored appellant to probation, but modified the terms of probation so that the term was extended to June 24, 2003. As conditions of probation, appellant waived all but 100 days of actual credits and was yet again ordered to enter and complete a residential drug treatment program.

Appellant entered the program, but left on March 11, 2001. On March 31, 2001, appellant was arrested for possession of rock cocaine, and on June 7, 2001, a petition to revoke appellant's probation was filed. Appellant submitted the matter to the court on the petition's allegations, and on September 14, 2001, a little over two months after Proposition 36 became effective, the court found that appellant had violated his probation, and it revoked his probation. One month later, the court rejected appellant's contentions that Proposition 36 mandated that he be placed on probation yet again, lifted the stay of execution of the previously imposed sentence and ordered appellant to serve two years in state prison.

## Proposition 36

On November 7, 2000, California's voters approved Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, which declared a purpose of diverting "from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses." (Prop. 36, § 3(a).) The act seeks to achieve this purpose by adding provisions to the Penal Code, among them section 1210.1, which requires probation for persons convicted of a nonviolent drug possession offense, and encourages the trial courts to make enrollment in a drug treatment program a condition of that probation. A defendant who violates probation by committing nonviolent drug possession offenses is given two opportunities to reform. The commission of a third such offense, however, renders the defendant ineligible for probation.

Proposition 36 was intended to have a far-ranging application to all classes of nonviolent drug offenders, including not only first-time offenders, but also defendants on probation or parole as of its effective date. (Pen.

Code, §§ 1210.1, subd. (e)(3)(D), (E), & (F), 3063.1, subd. (d)(3)(C); *In re DeLong* (2001) 93 Cal.App.4th 562, 567 [113 Cal.Rptr.2d 385].)

*Applicability of Proposition 36 to Conduct or Arrest Occurring Before the July 1, 2001*

█ Penal Code section 1210.1, subdivision (e)(3)(D), (E) and (F) applies to a defendant "on probation at the effective date of this act for a nonviolent drug possession offense" who "violates that probation . . . by being arrested for a nonviolent drug possession offense." Appellant was on probation on July 1, 2001, the effective date of the act, and his revocation hearing and sentencing, which occurred on September 14, 2001, took place after the effective date of the act. Respondent, however, contends that appellant violated his probation when he was arrested on March 31, 2001, and that since his arrest predates the act's effective date, Proposition 36 has no application.

No case has considered the exact question presented here. A similar question, however, was considered in connection with Penal Code section 1210.1, subdivision (a), which applies to defendants convicted of nonviolent drug possession offenses, as opposed to defendants who violate probation by committing nonviolent drug possession offenses. Proposition 36, by its terms, applies to "any person convicted of a nonviolent drug possession offense" (§ 1210.1, subd. (a)), and it was argued that it does not apply to a defendant whose guilt was determined prior to July 1, 2001, even if the defendant was not sentenced until after that date. The court in *In re DeLong, supra,* 93 Cal.App.4th 562, rejected the argument. It noted that the term "conviction" is ambiguous; at times it has been interpreted in a narrow sense to mean a verdict or guilty plea, but at other times it has been interpreted broadly to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon. (*Id.* at p. 568.) The court concluded that Proposition 36 employed the broader interpretation of the term, pointing out that it was intended to have far-ranging application to nonviolent drug offenders of all classes, including probationers and parolees, and reasoning, in part, that "no rationale appears to exclude from its wide reach the limited class of defendants who, as of the effective date, had been adjudged guilty and were awaiting sentencing." (*Id.* at p. 569; and see *In re Scoggins* (2001) 94 Cal.App.4th 650 [114 Cal.Rptr.2d 508], following *DeLong.*)

Respondent's position—that the date of a probationer's wrongful act or arrest determines whether Proposition 36 applies—is at least superficially inconsistent with the holding in *DeLong,* which, in essence, is that Proposition 36 applies to any defendant sentenced after July 1, 2001, irrespective of

the date of wrongful conduct or arrest, or even the date guilt was adjudicated. Respondent's position also is inconsistent with the intent to give the act far-ranging application to all classes of nonviolent drug offenders. There appears to be no reason why those few defendants, such as appellant, who were on probation on July 1, 2001, and who were sentenced after the effective date of the act, should be excepted from the act's provisions simply because their arrests predated the act's effective date.

Respondent justifies its position by asserting that, unlike the word "conviction," which was found by the court in *DeLong* to be ambiguous, the phrase "violates that probation" has only one meaning, and that is the *conduct* that violates the terms of probation.[4] Respondent cites no authority in support of this assertion, and we see no reason why the term should be so limited. Neither the arresting officer, nor the prosecutor, decides whether probation has been violated. It is a determination made by the court upon a proper hearing. An adjudicating court might decide that the evidence does not support the allegation that wrongful conduct took place, or that the conduct, although having taken place, does not amount to a violation of probation. Legal consequences, therefore, attach only after the adjudication of a probationer's status as being in violation of probation.

We find that the phrase "violates that probation" suffers from ambiguities comparable to those attached to the term "conviction" and that the reasoning employed by the court in *DeLong* has equal application here. It also is true that a rule of "lenity" applies to statutes defining a crime or punishment, and that, under it, an appellate court should adopt the interpretation more favorable to the defendant unless there is a discernable contrary legislative intent. (*People v. Avery* (2002) 27 Cal.4th 49, 57-58 [115 Cal.Rptr.2d 403, 38 P.3d 1].) Here, the discernable legislative intent favors a broad interpretation of the phrase "violation of probation." We find that the term "violation of probation" is intended to refer to the determination that probation had been violated, and not to the wrongful conduct itself or the probationer's arrest. We conclude, therefore, that Proposition 36 applies when the judicial determination that probation was violated took place after the act's effective date.[5]

---

[4]Penal Code section 1210.1 itself is somewhat ambiguous on this point. Subdivision (e)(3)(A), (B) and (C) refers to violations of probation by the *commission* of nonviolent drug possession offenses. Subdivision (e)(3)(D), (E) and (F), however, refers to violations of probation by *arrests* for nonviolent drug possession offenses.

[5]We need not, and do not, decide if Proposition 36 applies in cases where the determination that probation was violated was made before July 1, 2001, but sentence was not executed until after July 1, 2001.

*Effect of Appellant's Pre-Proposition-36 Violations of Probation*

Proposition 36's policy of providing a defendant with two opportunities for rehabilitation extends to a defendant on probation on the effective date of the act for a nonviolent drug possession offense. As to such a defendant, a first subsequent violation of probation for a nonviolent drug possession offense requires the trial court to revoke the defendant's probation only upon a finding that the defendant poses a danger to the safety of others. (Pen. Code, § 1210.1, subd. (e)(3)(D).) If the court does not revoke probation, however, "it may modify probation and impose as an additional condition participation in a drug treatment program." A second subsequent violation for a nonviolent drug possession offense requires the court to revoke probation only upon a finding either that the defendant poses a danger to the safety of others or that the defendant is unamenable to drug treatment. (§ 1210.1, subd. (e)(3)(E).) Upon such a defendant's third violation for a nonviolent drug possession offense, "the defendant is not eligible for continued probation." (§ 1210.1, subd. (e)(3)(F).)

Appellant had been on probation since at least May 1999. He was on probation when he was arrested, in September 1999, for a nonviolent drug possession offense. He was continued on probation on the condition, among others, that he complete a drug treatment program. He did not enroll in a treatment program until after he was again arrested for a nonviolent drug possession offense. He was continued on probation on the same terms as before, including the condition that he complete a drug treatment program. Appellant, who by then had enrolled in a program, failed to complete it, and was arrested on new charges of nonviolent drug possession. In January 2001, appellant was again ordered to enroll in a drug treatment program as a condition of probation. Appellant did enroll in a program, but failed to complete it, and was again arrested for a nonviolent drug possession offense. In short, appellant violated probation three times, and at least twice failed a condition of probation requiring him to enroll in and complete a drug treatment program. Appellant, therefore, is ineligible for probation under Proposition 36.

Appellant, however, contends that Proposition 36 should be construed as providing probationers with a clean slate, such that his March 2001 arrest (resulting in the first finding of violation of probation after the effective date of the act) must be viewed as his first subsequent arrest for purposes of sentencing. In making this argument, appellant relies on the recent case of *People v. Murillo* (2002) 102 Cal.App.4th 1414 [126 Cal.Rptr.2d 358]. The court in *Murillo,* however, although recognizing that an issue might arise as to whether a defendant's preact violations of probation affect the sentencing choice under the act, declined to address that issue, pointing out that

the People had not raised it. (*People v. Murillo, supra,* 102 Cal.App.4th at p. 1421, fn. 3.) *Murillo,* consequently, does not stand for the argument that pre-act violations should not be considered.

Appellant can cite no other authority or expression of legislative intent in support of his contention, and we have found none. Proposition 36 seeks to provide treatment only when an offender is amenable to treatment, and uses a defendant's criminal history as a means of determining amenability. A first-time offender is conclusively presumed to be amenable to treatment. A second-time offender also is presumed to be amenable to treatment, but that presumption may be rebutted. A third-time offender is conclusively presumed to be unamenable to treatment and is ineligible for probation. For purposes of determining amenability to treatment, there is no reason to distinguish between persons who have tried and failed on probation prior to July 1, 2001, and those who have tried and failed on probation only after July 1, 2001. Appellant, for example, although having tried and failed on probation prior to July 1, 2001, has clearly demonstrated that he is unamenable to treatment. No legitimate purpose would be served by allowing him yet another opportunity to avoid incarceration.

In a related argument, appellant contends that his pre-Proposition-36 failures in drug treatment programs should not be used against him, suggesting that treatment programs under Proposition 36 might be more effective than the programs to which he was referred. Under Proposition 36, however, whether a defendant can continue on probation depends on whether probation has been revoked because the defendant committed a nonviolent drug-related offense or was arrested for committing a nonviolent drug related offense. The defendant's success or failure in a drug treatment program is not a triggering event. Proposition 36 does not require that a defendant be referred to any particular drug treatment program—or to any drug treatment program at all—it merely provides that the court *may* modify probation and impose participation in a drug treatment program as a condition of probation. Appellant is ineligible for further probation under Penal Code section 1210.1, subdivision (e)(3)(F), because of his arrests, not because of his failures in drug treatment programs.

Proposition 36 was enacted to benefit the state's taxpayers. Voters were told that the costs of incarcerating nonviolent drug offenders far exceed the costs of rehabilitating them, justifying the expense of rehabilitation. (See Voter Information Guide, Gen. Elec. (Nov. 7, 2000) Legislative Analyst's analysis of fiscal effect of Prop. 36, pp. 24-25.) There are no cost savings, however, in prolonging the probation of defendants who have proven themselves to be unamenable to rehabilitation, and for whom incarceration is

inevitable. Returning such a defendant to probation only postpones the costs of that person's incarceration, while adding to the costs of maintaining the defendant on probation until he or she commits another crime.

We conclude, therefore, that sentencing courts are required to consider a defendant's pre-Proposition 36 failures on probation in making sentencing decisions, and where, as here, there have been more than two such failures, the defendant falls under Penal Code section 1210.1, subdivision (e)(3)(F), and is ineligible for further probation.

### Conclusion

The order revoking appellant's probation is affirmed.

Swager, J., and Margulies, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 14, 2003. Kennard, J., Werdegar, J., and Chin, J., were of the opinion that the petition should be granted.