[No. C044731. Third Dist. Dec. 21, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGER GEORGE BOWEN, Defendant and Appellant.

**Counsel**

Betsy S. Kimball, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Janis Shank McLean and Aaron R. Maguire, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**ROBIE, J.**—Defendant Roger George Bowen appeals from an order revoking his probation and sentencing him to state prison to the middle term of two years for possession of heroin. Defendant claims that the trial court erred in denying him: (1) drug treatment and rehabilitation under Proposition 36 (Pen. Code,[1] § 1210.1); and (2) presentence credit for time he spent in a court-ordered residential treatment program as a condition of probation. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2000, a West Sacramento police officer found defendant sitting in the front seat of his parked car with his head resting against the steering wheel. There was a hypodermic syringe with a needle lying on the front seat. Defendant admitted to the officer that he had just shot heroin, and the officer found a rock of heroin on defendant's person. Defendant pled no contest to possession of heroin and in February 2001, the court suspended imposition of sentence 'and placed him on probation for three years. As terms of probation, defendant was required to serve 120 days in jail and spend 180 days in a residential drug treatment program. Defendant signed an order admitting him to probation, in which he "agrees to waive all custody credits while in [the] program."

In June 2001, the court summarily revoked defendant's probation because he failed to appear at a court hearing that was to review his placement in the residential treatment program. Defendant admitted the violation and in September 2001, the court reinstated his probation, with the added condition that he serve an additional 30 days in jail.

In March 2002, the court summarily revoked defendant's probation for a second time and in August 2002, defendant admitted that he violated his probation by not participating in or completing the residential drug treatment program. In September 2002, the court reinstated defendant on probation under the same terms and conditions with the added condition that he serve an additional 150 days in jail that would be waived if defendant completed the residential drug treatment program. The court informed defendant that while in the residential drug treatment program he would "agree to waive all custody credits . . . ." Defendant said that he understood and agreed to the probation terms and conditions.

In March 2003, the court summarily revoked defendant's probation for a third time, and defendant admitted that he violated his probation by being

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

dismissed from the treatment program for being under the influence of heroin and by failing to inform the probation officer of his whereabouts.

The court denied defendant's request to be given further drug treatment pursuant to Proposition 36 because he had violated probation three times. The court sentenced defendant to two years in prison for the underlying drug offense and awarded him 213 days of presentence custody credits. The credits did not include the time defendant had spent in the residential drug treatment program.

I

*Refusal to Treat Defendant Under Proposition 36*

Defendant claims that the trial court erred in failing to grant him drug treatment under Proposition 36 because he had suffered only one drug-related violation of probation. He reasons failures in the drug treatment program did not count toward his disqualification from Proposition 36. He also argues the People did not prove that he either posed a danger to others or was unamenable to treatment.

 "Anticipating that drug abusers often initially falter in their recovery, Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time." (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397 [130 Cal.Rptr.2d 554].) With respect to past offenders who were already on probation for nonviolent drug possession offenses when Proposition 36 took effect,[2] *Taylor* explained that under Proposition 36, "The first time an offender violates a *drug-related* condition of probation, he is entitled to be returned to probation unless he poses a danger to others. (§ 1210.1, subd. (e)(3)(D).) The second time he violates a drug-related condition of probation, he is entitled to be returned to probation unless he poses a danger to others or is unamenable to treatment. (§ 1210.1, subd. (e)(3)(E).) Only upon a third violation of a drug-related condition of probation does an offender lose the benefit of Proposition 36's directive for treatment instead of incarceration. (§ 1210.1, subd. (e)(3)(F).) Upon such a violation, the court regains its discretion to impose jail or prison time. [Citation.]" (*In re Taylor, supra*, 105 Cal.App.4th at pp. 1397–1398, fns. omitted.)

The trial court found defendant ineligible for Proposition 36 because defendant had violated his probation three times. The court reasoned that under *People v. Williams* (2003) 106 Cal.App.4th 694 [131 Cal.Rptr.2d 546]

---

[2] Defendant was placed on probation on February 9, 2001, prior to the effective date of Proposition 36.

(*Williams*), it was required to consider a defendant's prior history in determining eligibility for continued drug treatment under Proposition 36.

The trial court's ruling denying defendant treatment under Proposition 36 was correct, as defendant was on probation on the effective date of Proposition 36 and had violated that probation a third time. (§ 1210.1, subd. (e)(3)(F).) Defendant was placed on probation in February 2001 for possession of heroin, a nonviolent drug offense. Defendant violated probation for the first time by failing to appear before the court on April 30, 2001, for a hearing regarding his placement in the residential drug treatment program. He violated probation a second time by failing to complete the program. He violated probation a third time by being dismissed from the drug treatment program because he was under the influence of heroin and by failing to keep his probation officer informed of his whereabouts.

Nevertheless, defendant claims that his first two probation violations should not count. He reasons that he was never placed on probation that met the guidelines of section 1210.1, subdivision (a),[3] because the two times that the court reinstated him on probation, the court imposed jail time, which is prohibited by section 1210.1, subdivision (a).

Defendant cannot complain at this late stage about probation conditions imposed in proceedings predating the one currently on appeal. (*People v. Dagostino* (2004) 117 Cal.App.4th 974, 996–997 [12 Cal.Rptr.3d 223].)

██ Furthermore, there is no requirement that a defendant's probation comply with section 1210.1, subdivision (a), for the violation of that probation to be counted. The plain language of section 1210.1, subdivision (e)(3)(F) refers to a "defendant on probation at the effective date of this act." It does not refer to probation that satisfies the requirements of section 1210.1, subdivision (a).

██ The holding in *Williams* supports this result. "[S]entencing courts are required to consider a defendant's pre-Proposition 36 failures on probation in making sentencing decisions, and where, as here, there have been more than

---

[3] Section 1210.1, subdivision (a) in pertinent part states, "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. *A court may not impose incarceration as an additional condition of probation.* Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose. Probation shall be imposed by suspending the imposition of sentence." (Italics added.)

two such failures, the defendant falls under Penal Code section 1210.1, subdivision (e)(3)(F), and is ineligible for further probation." (*Williams, supra,* 106 Cal.App.4th at p. 703.)

■ Defendant's position that *Williams* requires a sentencing court to only " 'consider' " but not necessarily " 'count' " pre-Proposition 36 failures is unavailing. *Williams* itself states, "A third-time offender is conclusively presumed to be unamenable to treatment and is ineligible for probation." (*Williams, supra,* 106 Cal.App.4th at p. 702.) Section 1210.1, subdivision (e)(3)(F), similarly states that if a defendant on probation for a nonviolent drug offense violates probation for a third time and the alleged probation violation is proved, "[T]he defendant is not eligible for continued probation under subdivision (a)."

■ Relying on the following dicta in *Williams,* defendant further argues his failure in a drug treatment program cannot count toward his chances at probation under Proposition 36: "The defendant's success or failure in a drug treatment program is not a triggering event. Proposition 36 does not require that a defendant be referred to any particular drug treatment program—or to any drug treatment program at all—it merely provides that the court *may* modify probation and impose participation in a drug treatment program as a condition of probation. Appellant is ineligible for further probation under Penal Code section 1210.1, subdivision (e)(3)(F), because of his arrests, not because of his failures in drug treatment programs." (*Williams, supra,* 106 Cal.App.4th at p. 702.) We disagree with this dicta as it runs afoul of the plain language of section 1210.1, subdivision (e)(3)(F), that specifies, "violating a drug-related condition of probation" counts toward defendant's three chances at probation. Apparently aware of this statutory language, despite its own dicta, the *Williams* court concluded: "In short, appellant violated probation three times, and at least twice failed a condition of probation requiring him to enroll in and complete a drug treatment program. Appellant, therefore, is ineligible for probation under Proposition 36." (*Williams, supra,* 106 Cal.App.4th at p. 701.) In this case, defendant's conditions of probation included a requirement that he enroll in and complete a drug treatment program. Under section 1210.1, subdivision (e)(3)(F), his failure to do so counted toward his three chances at probation.

■ Finally, defendant is wrong that he was not on probation at the time Proposition 36 went into effect because his probation had been revoked. Summary revocation of a defendant's probation is simply a device by which the defendant may be brought before the court and jurisdiction retained before formal revocation proceedings commence. (*People v. Lewis* (1992) 7 Cal.App.4th 1949, 1955 [10 Cal.Rptr.2d 376].) If probation is restored, there has, in effect, been no revocation at all. Thus, the probationary terms and

conditions imposed upon defendant were not tolled or suspended at any time during the revocation process and he was still required to abide by them. (*Ibid.*)

Because we have found that defendant committed three probation violations that rendered him ineligible for further probation under Proposition 36, we need not address defendant's argument that the People did not prove that defendant either posed a danger to others or was unamenable to treatment as required under section 1210.1, subdivision (e)(3)(E), applicable to defendants who violate probation for a second time.

## II

### *Denial of Custody Credits*

Defendant claims that he is entitled to presentence custody credits for the time he spent in a residential drug treatment program because the waiver he executed of those credits was not knowing and intelligent.[4]

The California Supreme Court recently held "when a defendant knowingly and intelligently waives jail time custody credits after violating probation in order to be reinstated on probation and thereby avoid a prison sentence, the waiver applies to any future use of such credits should probation ultimately be terminated and a state prison sentence imposed." (*People v. Arnold* (2004) 33 Cal.4th 294, 298 [14 Cal.Rptr.3d 840, 92 P.3d 335]; accord, *People v. Jeffrey* (2004) 33 Cal.4th 312, 315 [14 Cal.Rptr.3d 852, 92 P.3d 345].) A defendant's "straightforward and unconditional waiver of section 2900.5 credits" constitutes a "waiver of such credits for all purposes." (*Arnold*, at p. 309; accord, *People v. Jeffrey*, 33 Cal.4th at pp. 316–317.) While the better practice is for sentencing courts to expressly admonish defendants who waive custody credits that such waivers will apply to any future prison term should probation ultimately be revoked and a state prison sentence imposed, a sentencing court's failure to include such an explicit advisement will not invalidate a credit's waiver which is otherwise found to be knowing and intelligent. (*Arnold*, at p. 309.)

At the time defendant was placed on probation, he signed an order agreeing to waive "all custody credits" while in the residential drug treatment program. When probation was reinstated, the court advised defendant that as a condition of probation he would "waive all custody credits" while in the

---

[4] For the sake of this argument, we will assume without deciding that a defendant who serves time in a court-ordered residential drug treatment program is entitled to presentence custody credits for that time.

program and defendant acknowledged that he understood and accepted the conditions of probation. These were straightforward, unconditional waivers of all custody credits to be earned in the residential drug treatment program. *Arnold* and *Jeffrey* require nothing more.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 23, 2005.