Filed 5/25/21  P. v. Baird CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB J. BAIRD,<br><br>    Defendant and Appellant. | 2d Crim. No. B306344<br>(Super. Ct. No. 2018018858)<br>(Ventura County) |

Jacob J. Baird appeals from the judgment after the jury convicted him of six counts of owning, possessing or controlling a firearm in violation of a term of probation (Pen. Code,[1] § 29815, subd. (a)), one count of owning, possessing or controlling ammunition in violation of a term of probation (§ 30305, subd. (a)(1)), and a misdemeanor violation of carrying a loaded firearm in public (§ 25850, subd. (a)).  The trial court placed him on formal probation for 36 months with various terms

---

[1] Unless otherwise noted, all subsequent statutory references are to the Penal Code.

and conditions including that he serve 180 days in the county jail.

Baird contends: (1) there is no substantial evidence he was subject to a probation firearm prohibition, and (2) the probation term must be reduced to two years. We modify the judgment to reduce the probation term to two years and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Baird pled guilty to felony grand theft after he stole property from his employer, including a video camera case he planned to use to store handguns. The court agreed to "seriously consider" reducing the charge to a misdemeanor at the time of sentencing. (§ 17, subd. (b).)

At the request of the court, the probation department prepared recommended terms and conditions for both felony and misdemeanor probation. The recommended felony terms included, "The defendant shall not own, possess, or have immediate access to any dangerous weapons, firearms, ammunition, or oleocapsicum [*sic*] pepper spray." The recommended misdemeanor terms included, "No dangerous weapons, firearms, ammunition."

At sentencing, the trial court declared the case to be a misdemeanor. The court reduced the jail term, restitution fine, and fees from those recommended in the probation report. A transcript of an audio recording of the hearing quotes the judge as stating, "Remaining terms and conditions set forth in Probation's report are appropriate. [¶] Based on the criminal history, no alcohol terms are appropriate from what I've seen. Drug terms are imposed." Baird then "accept[ed] probation on those terms."

The court reporter who prepared the transcript also

2

prepared a second version that states, "no *other* terms are appropriate" rather than "no *alcohol* terms are appropriate." (Italics added.) When the audio recording was played for the jury in the current case, the reporter testified that she heard the word "alcohol," not "other."

The minute order states that Baird was released on 36 months conditional revocable release (summary probation) on terms that include: "You shall not own, possess, or have immediate access to any dangerous weapons, firearms, ammunition or oleocapsicum [*sic*] pepper spray." The minute order included an alcohol prohibition.

The minute order was based on information a judicial assistant entered into the computer system. She had worked with the sentencing judge for about six years. She interpreted his statement, "Remaining terms and conditions set forth in Probation's report are appropriate," to mean that the probation terms in the probation report were to be imposed. Baird signed the minute order, acknowledging, "I have received a copy of these conditions. I understand and agree to each of the conditions listed above."

On June 1, 2018, while Baird was on probation in the 2017 case, he went to a bar in Camarillo with a loaded handgun under his shirt in his waistband. After arresting Baird, deputies conducted a probation search of a bedroom and a garage safe at his home and found seven handguns, three rifles, a shotgun, and 3,000 rounds of ammunition.

## DISCUSSION

### *Sufficiency of the evidence*

Baird contends his constitutional due process right was violated because the evidence was insufficient to establish he

was prohibited from owning or possessing a firearm as "an express condition of probation." We disagree.

Section 29815, subdivision (a), provides: "Any person who, as an express condition of probation, is prohibited or restricted from owning, possessing, controlling, receiving, or purchasing a firearm and who owns, purchases, receives, or has in possession or under custody or control, any firearm . . . is guilty of a public offense." Section 30305, subdivision (a), makes it a crime for any "person prohibited from owning or possessing a firearm" pursuant to provisions including section 29815 to "own, possess, or have under custody or control, any ammunition."

Due process requires that every element of an offense be proven by evidence that could reasonably convince a trier of fact beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 316-318.) We review the judgment to determine if it is supported by substantial evidence. (*People v. Mincey* (1992) 2 Cal.4th 408, 432.) We review the entire record in the light most favorable to the judgment, presume in support of the judgment every fact that can reasonably be deduced from the evidence in the record and determine whether any reasonable finder of fact could have found that the prosecution sustained its burden of proof beyond a reasonable doubt. (*Ibid*.) We do not reweigh conflicting evidence or reevaluate the credibility of witnesses. (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 200.)

Baird contends the record does not establish the existence of a probation term prohibiting him from possessing a firearm. A trial court's oral pronouncements "will be harmonized if possible" with the court minutes. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) "[P]robation conditions 'need not be spelled out in great detail in court as long as the defendant knows what they

4

are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order.'" (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346; see *People v. Thrash* (1978) 80 Cal.App.3d 898 [defendant bound by travel restriction added to written probation terms after sentencing, signed by judge, and provided to defendant].) Here, the comments of the sentencing judge, combined with the probation recommendations and the minute order signed by Baird, constitute substantial evidence that a firearm prohibition was imposed as a condition of probation.

Baird relies on one version of the sentencing transcript to support his contention that the court did not impose the firearm prohibition. But the jury heard the audio recording of the hearing and ultimately resolved any conflicts in the evidence. (*People v. Houston* (2012) 54 Cal.4th 1186, 1214; CALCRIM No. 302.

Baird contends "it would have been illogical for the court to impose a firearm prohibition, because it would have been unreasonable" pursuant to *People v. Lent* (1975) 15 Cal.3d 481.[2] He also contends that the court should have stated the relationship between the firearm prohibition and the statutory purposes of probation. (§ 1203.1; *People v. Clark* (1982) 130 Cal.App.3d 371, 386.) Baird apparently relies on *Lent* and *Clark* to support his argument that the court did not prohibit firearm

---

[2] "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .'" (*People v. Lent, supra,* 15 Cal.3d at p. 486.)

possession, and not as an attempt to collaterally attack the legality of the probation condition. If the former, the record contains substantial evidence that the court did impose the prohibition; if the latter, Baird forfeited any challenge to the legality of the probation condition by failing to object when it was imposed. (*People v. Welch* (1993) 5 Cal.4th 228, 237; see *People v. Bowen* (2004) 125 Cal.App.4th 101, 106.)

Baird contends that his right to own firearms was "restored" when the probation case was reduced to a misdemeanor. (§ 17, subd. (b).) He relies on *People v. Gilbreth* (2007) 156 Cal.App.4th 53, 57, and *People v. Culbert* (2013) 218 Cal.App.4th 184, 194, which hold that the law prohibiting felons from possessing firearms does not apply when the felony has been reduced to a misdemeanor. But Baird was not convicted of being a felon in possession of a firearm or ammunition. (§ 29800, former §§ 12021, 12316, subd. (b).) Instead, he was convicted of possessing firearms and ammunition in violation of a term of probation. (§§ 29815, 30305, subd. (a)(1).) The law regarding felons in possession of firearms does not limit the court's authority to impose a firearm prohibition as a condition of probation. (§ 1203.1, subd. (j).) And while section 29805, which imposes a 10-year firearm prohibition for certain misdemeanor convictions, does not apply to Baird's grand theft conviction, it also does not prohibit a probation condition prohibiting firearms.

### *Probation duration*

Baird contends that his probation term must be reduced to two years pursuant to a recent amendment to section 1203.1. We agree.

On April 27, 2020, the trial court placed Baird on 36 months' formal probation. On September 30, 2020, the Governor

6

signed Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (A.B. 1950), effective January 1, 2021.  (Stats. 2020, ch. 328, § 2.)  A.B. 1950 amended section 1203.1, subdivision (a), to limit probation in felony cases to two years, with certain exceptions not applicable here.

The Attorney General "does not contest" that the amendment applies.  The two-year limitation on felony probation enacted by A.B. 1950 is an ameliorative change retroactive to cases not yet final on appeal.  (*People v. Sims* (2021) 59 Cal.App.5th 943, 955-964; *People v. Quinn* (2021) 59 Cal.App.5th 874.)

The Attorney General requests that we remand to the trial court to consider whether any probation terms should be modified in light of the modified duration of probation.  (See *People v. Sims*, *supra*, 59 Cal.App.5th at p. 964.)  Remand is unnecessary because, should the trial court deem it appropriate to modify or terminate probation, it retains the jurisdiction to do so.  (§ 1203.3, subd. (a); *People v. Quinn*, *supra*, 59 Cal.App.5th at p. 885 & fn. 6.)  We therefore order that the probation period be reduced to two years.

## DISPOSITION

We modify the judgment to reduce the probation term to two years.  In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


YEGAN, Acting P. J                    PERREN, J.


7

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.