Filed 10/3/13  P. v. Wallace CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>TRAISEN RAY WALLACE,<br><br>　　　Defendant and Appellant. | H038930<br>(Santa Cruz County<br>Super. Ct. No. F11498) |

Defendant Traisen Ray Wallace was placed on probation after pleading guilty to possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and selling, transporting, or offering to sell cocaine base (Health & Saf. Code, § 11352, subd. (a)). Thereafter, defendant violated probation and the trial court sentenced him to three years in prison.

On appeal, defendant contends, and the Attorney General concedes, that the trial court erred by (1) failing to award an additional 180 days of actual custody credit and (2) limiting his conduct credit to 20 percent. We agree that the concessions are appropriate, and we will therefore modify the judgment.

**BACKGROUND**

In June 2005, the District Attorney filed an information charging defendant with possessing cocaine base for sale (Health & Saf. Code, § 11351.5; count 1) and selling,

transporting, or offering to sell cocaine base (Health & Saf. Code, § 11352, subd. (a); count 2). The information further alleged that at the time the offenses were committed, defendant was released from custody on bail or on his own recognizance (Pen. Code, § 12022.1[1]). On July 21, 2005, defendant pleaded guilty to both counts, and the enhancements were stricken as to both counts. The trial court suspended imposition of sentence and placed defendant on probation for three years. As a condition of probation, defendant was ordered to serve 365 days in county jail.

At the plea hearing, the prosecutor stated on the record that defendant could serve part of his 365-day jail sentence in the SAFE program, which was a six-month residential treatment program. The trial court agreed with the prosecutor's statements.

Defendant completed the SAFE program on January 17, 2006. Thereafter, defendant requested a modification of his probation. The trial court granted defendant's request and deemed his 365-day custody sentence terminated as of January 17, 2006.

In June 2006, the trial court revoked defendant's probation and issued a bench warrant on the grounds that defendant failed to stay in touch with his probation officer. In July 2012, defendant was arrested on a new offense.

In October 2012, the trial court found defendant had violated probation, and it sentenced him to three years in prison. When defendant inquired whether he was entitled to custody credit for the time he spent in the SAFE program, the court responded that he was not entitled to such credit. The court awarded defendant only 49 days of actual custody credit for the time he spent in custody before the July 21, 2005 plea hearing plus 9 days of conduct credit, for a total of 58 days of credit. The court indicated it was limiting defendant's conduct credit to 20 percent because of a prior strike in Oregon.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

**DISCUSSION**

Defendant contends, and the Attorney General concedes, that (1) he was entitled to an additional 180 days of actual custody credit for the time he spent in the SAFE program and (2) the trial court erred in limiting his conduct credit to 20 percent. We find the concessions appropriate.

### A. *180 Days of Actual Credit*

Section 2900.5 provides, in pertinent part: "(a) In all felony and misdemeanor convictions, . . . when the defendant has been in custody, including . . . any time spent in a jail, . . . rehabilitation facility, . . . or similar residential institution, all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." Time spent in a residential treatment program as a condition of probation qualifies for presentence custody credit under section 2900.5, subdivision (a). (*People v. Jeffrey* (2004) 33 Cal.4th 312, 318; *People v. Johnson* (2002) 28 Cal.4th 1050, 1053; *People v. Davenport* (2007) 148 Cal.App.4th 240, 245.)

Defendant completed the SAFE program, which was a 180-day residential treatment program. Furthermore, at the time of the plea hearing, all parties understood that part of defendant's 365-day jail sentence could be served in the SAFE program. Accordingly, defendant was entitled to the additional 180 days of actual custody credit, for a total of 229 days of actual custody credit.

### B. *Limitation on Defendant's Conduct Credit*

The trial court believed that defendant's conduct credit should be limited to 20 percent because of a prior strike in Oregon. However, there is nothing in the record indicating a valid basis for this limitation.

Although section 2933.1 requires that a trial court impose a limitation on the accrual of presentence conduct credit, that section provides that conduct credit shall be limited to 15 percent, not 20 percent, and the statute only applies when the defendant is convicted of a "violent felon[y]" under the meaning of section 667.5. None of

defendant's offenses involved violent felonies listed in section 667.5, subdivision (c), and thus, section 2933.1 does not apply.

Therefore, because there was no valid basis for the 20 percent credit limitation, defendant was entitled to additional conduct credit under section 4019. (See *People v. Dieck* (2009) 46 Cal.4th 934, 939.) The version of section 4019 in effect at the time of defendant's crime in 2005 provided that a defendant could earn conduct credit at a rate of two days for every four-day period of actual custody. (Stats. 1982, ch. 1234, § 7.) As discussed, defendant should have been awarded 229 days of actual custody credit. Accordingly, defendant was entitled to 114 days of conduct credit.[2]

---

[2] We calculate that 229 days of actual custody credit divided by four, rounded down to the next whole number yields 57 days, which is then multiplied by two to yield 114 days of conduct credit.

**DISPOSITION**

The judgment is modified to reflect that defendant is entitled to 343 days of credit (229 days of actual custody credit and 114 days of conduct credit).  As modified, the judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:


_____
ELIA, ACTING P.J.


_____
MÁRQUEZ, J.

5