Filed 10/29/20
Opinion on transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B292752 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA461416) |
| v. | |
| VANELLE VASHAN JACKSON, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Michael A. Tynan, Judge. Conditionally reversed and remanded with directions.

Patricia S. Lai, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Vanelle Vashan Jackson pled guilty to one count of second degree robbery and admitted a prior strike conviction. She was conditionally released to a residential substance abuse treatment program. After absconding from the program, defendant was detained and sentenced to a six-year state prison term. Defendant was denied a certificate of probable cause and filed an appeal raising sentencing issues and requesting remand so that she could be considered for mental health diversion pursuant to Penal Code section 1001.36, a new statute enacted after her 2017 conviction.

In our original unpublished opinion filed January 13, 2020, we affirmed defendant's conviction, concluded Penal Code section 1001.36 did not apply retroactively and directed the trial court on remand to reduce the restitution fine and parole revocation fine to the statutory minimum and to correct the amount of total presentence custody credits.

Defendant filed a petition for review with the Supreme Court. The Supreme Court granted review and deferred further consideration of the matter pending its disposition in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). After the issuance of its decision in *Frahs*, the Supreme Court, by order dated August 19, 2020, transferred the matter to this court with directions to vacate our original decision and reconsider the cause in light of *Frahs*.

Having done so, we conclude, in light of *Frahs*, that a conditional reversal and limited remand is warranted to allow the trial court the opportunity to conduct a mental health diversion eligibility hearing pursuant to Penal Code section 1001.36. (*Frahs*, *supra*, 9 Cal.5th at p. 640.)

## FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2017, defendant tried to leave a liquor store with alcohol and cigarettes without paying. When the store clerk attempted to stop her from leaving the store with the merchandise, defendant hit the clerk several times about the head and face and also bit his hand.

Defendant was identified outside the store by the victim, as well as another witness, and arrested. She was charged with one count of robbery (Pen. Code, § 211). It was also alleged defendant had suffered a prior robbery conviction which qualified as a strike under the "Three Strikes" law and as a felony enhancement.

In December 2017, defendant pled guilty to the robbery and admitted the prior qualifying strike. The court accepted defendant's plea and waivers on the record. The parties stipulated to a factual basis for the plea as set forth in the police report of the incident. During the plea colloquy, defendant was advised she would be required to pay the statutory minimum fines and she acknowledged her understanding that the fines were part of the negotiated agreement.

The court appointed Dr. Jack Rothberg to evaluate defendant. Defendant was found suitable to participate in the Substance Treatment and Re-Entry Transition program for women. On January 24, 2018, the court ordered defendant conditionally released to participate in the residential treatment program.

Shortly thereafter, defendant absconded from treatment. On February 21, 2018, the court issued a bench warrant. After defendant was returned to custody, the court ordered various continuances to allow counsel the opportunity to find another

3

suitable residential program for defendant.  No alternative program was found.

In August 2018, the court imposed a six-year state prison term (a midterm of three years, doubled due to the strike prior). The court awarded defendant total presentence custody credits of 222 days, inclusive of 23 days of residential treatment credits (*People v. Davenport* (2007) 148 Cal.App.4th 240).  Over the prosecution's objection, the court dismissed the felony enhancement pursuant to Penal Code section 667, subdivision (a)(1) in the interests of justice.  The court imposed a restitution fine in the amount of $1,200 (Pen. Code, § 1202.4, subd. (b)), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The court imposed and stayed a parole revocation fine in the amount of $1,200 (Pen. Code, § 1202.45).

Defendant requested a certificate of probable cause based on the grounds she received ineffective assistance of trial counsel, causing her not to fully understand the terms of her plea agreement.  The court denied defendant's request.

Following remand from the Supreme Court, respondent filed a supplemental brief acknowledging *Frahs* but arguing remand was not warranted because the January 2018 mental health evaluation of defendant was "equivocal" as to a diagnosis. Defendant filed a supplemental brief requesting a conditional reversal and remand for a proper eligibility hearing.

## DISCUSSION

### 1.    Mental Health Diversion (Pen. Code, § 1001.36)

Penal Code section 1001.36 was enacted in June 2018.  It authorizes the diversion of certain alleged offenders into mental health treatment programs in lieu of criminal prosecution.

4

(§ 1001.36, subd. (a) [court may "grant pretrial diversion to a defendant pursuant to this section if the defendant meets all of the requirements specified in paragraph (1) of subdivision (b)"].)

*Frahs* concluded that Penal Code section 1001.36 applies retroactively to cases not yet final on appeal because it mitigates the possible punishment for a specific class of offenders with certain enumerated mental health conditions and there is no clear contraindication of legislative intent. (*Frahs*, *supra*, 9 Cal.5th at pp. 630-637; see also *In re Estrada* (1965) 63 Cal.2d 740, 742-748 [an amendatory statute lessening punishment for a crime is presumptively retroactive, absent clear legislative intent for prospective application, and applies to all defendants whose judgments are not final at the time the statute becomes effective].)

*Frahs* explained that, in light of the retroactivity of the statute, "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Frahs*, *supra*, 9 Cal.5th at p. 640.)

Dr. Rothberg, the psychiatrist appointed by the court to evaluate defendant in connection with the court's consideration of sending defendant to a substance abuse program, concluded that defendant "does have an underlying mental disorder apart from the various traumas that she has encountered including PTSD" (posttraumatic stress disorder). Dr. Rothberg indicated the most likely diagnosis is that defendant suffers from bipolar disorder.

5

Both bipolar disorder and posttraumatic stress disorder are enumerated at Penal Code section 1001.36, subdivision (b)(1)(A).

Whether or not one views Dr. Rothberg's evaluation as "equivocal," *Frahs* held that an eligibility hearing should be ordered where the defendant "appears" to suffer from a qualifying mental disorder. (*Frahs*, *supra*, 9 Cal.5th at p. 640.) The record here demonstrates defendant suffers from a qualifying mental health disorder exacerbated by substance abuse issues.

The record also establishes defendant was not convicted of any of the disqualifying offenses enumerated in subdivision (b)(2) of Penal Code section 1001.36.

Moreover, the fact defendant was denied a certificate of probable cause does not defeat her request for an eligibility hearing. As the Supreme Court concluded in *People v. Stamps* (2020) 9 Cal.5th 685, 696, a defendant's request to obtain the ameliorative benefit of the new statute does not constitute an attack on the validity of the plea agreement.

Accordingly, we find defendant is entitled to a conditional limited remand to allow the trial court the opportunity to conduct a mental health diversion hearing in accordance with Penal Code section 1001.36. If the trial court finds that defendant suffers from a qualifying mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets all of the statutory criteria set forth in section 1001.36, then the court may grant mental health diversion in accordance with the statutory scheme. If defendant successfully completes diversion, then the court shall dismiss the charges.

However, if the court determines that defendant does not meet the criteria under Penal Code section 1001.36, or if

defendant does not successfully complete mental health diversion, then her conviction and sentence shall be reinstated.

In the event defendant's conviction is reinstated, we discuss and resolve defendant's other appellate contentions. As in our original opinion, we conclude she forfeited the contention she is entitled to an inability-to-pay hearing with respect to the imposition of statutory fines and fees. We conclude defendant is entitled to a reduction of the restitution fine and parole revocation fine to the statutory minimum of $300, and to an award of total presentence custody credits of 225 days.

## 2. Imposition of Statutory Fines and Fees

Defendant contends she is entitled to a remand for a hearing on her ability to pay the statutory fines and assessments.

Defendant forfeited her objection by failing to object on this basis in the trial court and also by consenting during the plea colloquy to imposition of the fines. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155 [finding forfeiture where no objection raised in trial court to imposition of court operation assessment, criminal conviction assessment and restitution fine]; see also *People v. Avila* (2009) 46 Cal.4th 680, 729 [finding forfeiture where the defendant failed to raise ability-to-pay objection to imposition of restitution fine under Pen. Code, former § 1202.4].)

We further reject defendant's alternative argument her trial counsel was ineffective for failing to raise a constitutional objection to the imposition of the fines. The fines and assessments were imposed pursuant to clear statutory authority. Defendant has not demonstrated any basis for finding her counsel was ineffective for failing to raise constitutional objections to the fines similar to those set forth in *People v.*

7

*Dueñas* (2019) 30 Cal.App.5th 1157. *Dueñas* not only involved unique factual circumstances not applicable here, but the validity of its analytical framework has been questioned by numerous courts:  see, e.g., *People v. Allen* (2019) 41 Cal.App.5th 312, 326-329, review denied January 2, 2020; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326-329, review granted September 14, 2019, S258946; *People v. Caceres* (2019) 39 Cal.App.5th 917, 926-929, review denied January 2, 2020.

### 3.    Correction of Sentencing Errors

Defendant argues the court erred by imposing a restitution fine in an amount four times the agreed-upon minimum, and by failing to award the correct number of presentence custody credits.  Respondent concedes these errors and that the appropriate remedy is for this court to reduce the fines to the statutory minimum and order correction of the custody credits.

We agree.  The record supports that during the plea colloquy it was contemplated by the parties that the minimum statutory fines would be imposed.  When the fines were ultimately imposed eight months later by a different judge, that fact was apparently not noted in the record and the court imposed a restitution fine four times the statutory minimum. Therefore, the restitution fine, and corresponding parole revocation fine, should be reduced to the agreed-upon $300.

There also appears to have been a calculation error in the number of presentence custody credits.  Defendant was entitled to 176 days of custody credits, 23 days of custody credits for time spent in a residential treatment program, and 26 days of conduct credits.

8

## DISPOSITION

The conviction and sentence of defendant and appellant Vanelle Vashon Jackson is conditionally reversed for a limited remand with the following instructions:

If the trial court finds that defendant suffers from a qualifying mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets all of the statutory criteria set forth in Penal Code section 1001.36, then the court may grant mental health diversion in accordance with the statutory scheme. If defendant successfully completes diversion, then the court shall dismiss the charges.

However, if the court determines that defendant does not meet the criteria under Penal Code section 1001.36, or if defendant does not successfully complete mental health diversion, then her conviction and sentence shall be reinstated. In the event defendant's conviction is reinstated, the trial court shall reduce the restitution fine and parole revocation fine to $300 each, shall correct the award of total presentence custody credits to 225 days, and shall thereafter prepare and forward a new abstract of judgment to the Department of Corrections and Rehabilitation.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

WILEY, J.