Filed 6/29/23 P. v. Williams CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B317101 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. BA479730, BA490996 and BA494451) |
| v. | |
| RICHARD WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge. Sentence vacated and remanded with directions.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# INTRODUCTION

In three separate cases, defendant Richard Williams was collectively charged with resisting an executive officer (Pen. Code,[1] § 69), felony vandalism (§ 594, subd. (a)) and second degree robbery (§ 211). In each case, Williams pleaded no contest and the court placed him on probation. The court later revoked and terminated Williams's probation, and sentenced him to prison for the middle term of three years for the second degree robbery, to run concurrently with a 16-month prison term for the felony vandalism.[2]

On appeal, Williams contends the court should resentence him on the robbery conviction based on amendments to section 1170, subdivision (b)(6)(A) (section 1170(b)(6)(A)) which became effective after he was sentenced. As amended, section 1170(b)(6)(A) creates a presumption that the court should impose the lower term where it finds the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence," which "was a contributing factor in the commission of the offense." (§ 1170(b)(6)(A).) Based on evidence of his history of mental illness and substance abuse, Williams contends he should be given the opportunity to demonstrate to the trial court that he suffered psychological trauma, which could result in the trial

---

[1] All further unspecified statutory references are to the Penal Code.

[2] The court also sentenced Williams to three years for resisting an executive officer, but he did not have to serve any time for that offense because of credit he was awarded for time served.

court imposing the lower term of two years for the robbery instead of his current three-year term.

The People concede, and we agree, that the amendments to section 1170(b)(6)(A) apply retroactively to Williams's sentence on the robbery conviction as it is not yet final. The People also concede, and we agree, that we should remand this case for resentencing so Williams can seek to show that he is entitled to the lower term presumption under section 1170(b)(6)(A). Accordingly, we conditionally vacate Williams's sentence on the robbery conviction and remand so that, applying amended section 1170(b)(6)(A), the court can determine whether Williams experienced psychological trauma which contributed to his commission of the crime and, if so, impose an appropriate sentence. Otherwise, we affirm the judgment.

## BACKGROUND

### A. Williams Resists Arrest, Pleads No Contest, and Is Placed on Probation

On July 22, 2019, two police officers attempted to arrest Williams, who matched the description of a person reported to have been breaking the windows of cars parked at a strip mall. Williams did not respond to the officers' verbal commands and started to walk away. When the officers grabbed Williams's hands and attempted to handcuff him, he became rigid and ripped his hand out of one officer's grip, elbowing the officer in the chest in the process. After Williams yelled and made a fist, the officers forced him to the ground, but he continued to struggle and the officers were unable to handcuff him until additional officers arrived to assist. After being handcuffed, Williams thrashed about and spat at the officers. One officer tried to put a spit mask over Williams's face; Williams bit that officer's finger

3

and bit through the mask.  Later, while other officers were booking him into jail, Williams screamed, threw pens and other items, physically resisted the officers' attempts to control him, and spat on an officer.

In an information filed on August 22, 2019 (case No. BA479730), the People charged Williams with five counts of resisting an executive officer.  (§ 69.)  The People also charged Williams with having suffered a prior conviction which was a "serious and/or violent felon[y]" within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b).  The People further charged Williams with having served three prior prison terms so as to trigger enhancements under section 667.5, subdivision (b).[3]  The People alleged that the offense was a "serious felony" or a "violent felony" mandating that any sentence be served in state prison.  (§ 1170, subd. (h)(3).)  Williams pleaded not guilty.

On November 13, 2019, the court determined that Williams "may be suitable for placement in" the Office of Diversion and Reentry (ODR) housing program and transferred his case to Department 44 to decide whether he should be placed into the program.  The judge in Department 44 referred to that courtroom as "the O.D.R. court" and described the ODR housing program as being "for people who are homeless and have severe mental health disorders."

On January 15, 2020, Williams appeared in Department 44 and pleaded no contest to one count of resisting an executive

---

[3] Subdivision (b) of section 667.5 has since been amended to eliminate the one-year enhancement for non-sexual prior prison terms.  (Stats. 2019, ch. 590, § 1.)

officer pursuant to a plea agreement. The court sentenced Williams to the upper term of three years in state prison, but suspended execution of the sentence and placed him on formal felony probation for a term of three years; the court dismissed the remaining counts and allegations pursuant to section 1385. As a condition of his probation, Williams was placed in the ODR housing program and was ordered to participate in the program's classes and follow its rules and regulations.

On February 21, 2020, Williams was arrested for being drunk in public. On April 8, 2020, at a probation revocation hearing, Williams admitted to violating the terms of his probation by leaving the ODR housing program without permission and being arrested, and the court reinstated probation on the same terms and conditions, including that Williams participate in the ODR housing program.

On June 23, 2020, the court revoked Williams's probation based on a report that he had left the ODR housing program without permission, and it issued a bench warrant for his arrest.

Williams was arrested on July 5, 2020, after an incident on a public bus in which he kicked a basket belonging to another passenger and then punched the other passenger in the shoulder.[4]

At a probation revocation hearing on August 5, 2020, Williams admitted to violating his probation and the court reinstated his probation on the same terms and conditions, again placing him in the ODR housing program.

---

[4] Williams was not charged in connection with this incident.

**B. Williams Vandalizes a Convenience Store, Pleads No Contest, and Is Placed on Probation**

On October 22, 2020, Williams entered a convenience store, grabbed some items, and demanded a bag from an employee. After the employee told him he would need to buy the bag, Williams attempted to leave the store without paying for the items. Another employee locked the doors and called the police. Williams then attempted to break the doors with a metal hand-sanitizer stand; one of the employees attempted to grab the stand and suffered an injury to her hand in the process. Williams then went behind the counter and began throwing items around, damaging an electronic scanning device. Williams knocked over a merchandise stand and threw a yellow "wet floor" sign at an employee. He threatened the employees by saying, "If you don't let me out, I'm going to come back with a gun." Officers arrived at the store and arrested Williams.

In an information filed on October 26, 2020 (case No. BA490996), the People charged Williams with felony vandalism. (§ 594, subd. (a).) The People also charged Williams with having suffered a prior conviction which was a "serious and/or violent felony" within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b). The People alleged that the offense was a "serious felony" or a "violent felony" mandating that any sentence be served in state prison. (§ 1170, subd. (h)(3).) Williams pleaded not guilty.

Also on October 26, 2020, the court revoked Williams's probation on his conviction for resisting an executive officer (case No. BA479730) as a result of his arrest for the convenience store incident.

On December 18, 2020, Williams pleaded no contest to the vandalism charge pursuant to a plea agreement; the court accepted the plea and transferred the case to Department 44 for sentencing.

On January 8, 2021, Williams appeared in Department 44 on the felony vandalism charge and the court conditionally released him to the ODR housing program. At the hearing, Williams admitted to a probation violation based on the resisting an executive officer conviction, and the court reinstated probation on the same terms and conditions.[5]

On February 25, 2021, the court revoked Williams's probation on his conviction for resisting an executive officer based on a report that he had left the ODR housing program without permission, and it issued a bench warrant for his arrest.

## C. Williams Commits a Robbery, Pleads No Contest, and Is Placed on Probation

On March 30, 2021, Williams tried to run out of a store with makeup without paying. An employee grabbed the back of Williams's shirt and, in the process, was dragged and fell down, hitting her head. Williams then fought with officers who attempted to restrain him.

In an information filed on April 1, 2021 (case No. BA494451), the People charged Williams with second degree robbery. (§ 211; see § 212.5 [degrees of robbery].) The People

---

[5] The court revised the term of probation to end on January 15, 2022, two years after it was initially imposed, to conform to a change in the law. As of January 1, 2021, section 1203.1, subdivision (a) limited suspension of the imposition or execution of a sentence to two years. (Stats 2020, ch. 328, § 2.)

also charged Williams with having suffered a prior conviction which was a "serious and/or violent felony" within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b).  The People alleged that Williams had been convicted of five prior felonies and was thus presumptively ineligible for probation pursuant to section 1203, subdivision (e)(4).  Williams pleaded not guilty.

On June 2, 2021, Williams appeared in Department 44 and pleaded no contest to one count of second degree robbery pursuant to a plea agreement; the court dismissed the remaining allegations.  The court suspended imposition of the sentence and placed Williams on three years of formal felony probation with terms and conditions including placement in the ODR housing program.

At the same hearing, the court suspended the imposition of sentence on Williams's vandalism conviction and placed him on formal felony probation for a term of two years; the court dismissed the remaining allegations.  As a condition of probation, the court placed Williams in the ODR housing program.

Also at this hearing, Williams admitted to violating his probation on his conviction for resisting an executive officer, and the court reinstated probation on the same terms and conditions.

**D.     The Court Revokes and Terminates Williams's Probation and Imposes Sentence in All Three Cases**

On July 9, 2021, after receiving a report that Williams had left his ODR housing program without permission, the court revoked his probation in all three cases (Nos. BA479730, BA490996 and BA494451) and issued a bench warrant.

8

On November 3, 2021, at a probation violation hearing, Williams admitted violating probation, and the court revoked and terminated his probation and sentenced him on all three cases.

For the conviction for resisting an executive officer (case No. BA479730), the court imposed the previously suspended sentence of three years in prison. Williams was given credit of 1,197 days for time served (587 actual days plus 586 work/conduct, plus an additional 24 days of "*Davenport*"[6] credit), with the result that he had no additional time to serve on this conviction.

For the conviction for felony vandalism (case No. BA490996), the court sentenced Williams to the lower term of 16 months, to be served concurrently with the sentence for resisting an executive officer. Williams was given credit for 457 days of time served (221 actual days plus 220 work/conduct credits, plus 16 days of *Davenport* credit).

For the conviction for second degree robbery (case No. BA494451), the court sentenced Williams to the middle term of three years in state prison. The court gave Williams 254 days of credit for time served (121 actual days and 120 work/conduct credit, plus 13 days of *Davenport* credit). The court ordered that the sentence run concurrently with the sentences for the other two offenses.

---

[6] In *People v. Davenport* (2007) 148 Cal.App.4th 240, 246-247 (*Davenport*), the court held the defendant was entitled to custody credits under section 2900.5 for the time he spent in a residential drug treatment program as a condition of probation.

**E.    Williams Appeals**

On December 13, 2021, Williams filed a document he titled "Emergency Retraction of Plea Bargain and Appeal Pro Bono," which was deemed a notice of appeal.

**DISCUSSION**

**A.    Scope of Appeal and Standard of Review**

Williams did not file the written statement required by section 1237.5 for issuance of a certificate of probable cause. Accordingly, on January 31, 2022, this court issued an order limiting the issues on appeal to those which do not require a certificate of probable cause under section 1237.5.  As applicable here, a defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only raise grounds arising after the entry of the plea that do not affect the plea's validity.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 676-677 & fn. 3.)

We review a trial court's sentencing decisions for abuse of discretion, evaluating whether the court exercised its discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  "A failure to exercise discretion also may constitute an abuse of discretion."  (*Id.* at pp. 847-848.)

**B.    Section 1170(b)(6)(A) Applies Retroactively to Williams's Robbery Conviction and Warrants Resentencing**

Williams's appeal challenges only his sentence on the robbery offense, namely the trial court's imposition of the middle

10

term of three years.  Williams contends he is entitled to resentencing as the result of amendments to the determinate sentence law enacted by Assembly Bill No. 124 (Reg. Sess. 2021-2022) (Assembly Bill 124), which took effect on January 1, 2022. (Stats. 2021, ch. 695, § 5.)  At the time Williams was sentenced on the robbery offense, section 1170, subdivision (b) provided that when a penal statute specified three possible imprisonment terms (lower, middle, and upper), "the choice of the appropriate term shall rest within the sound discretion of the court."  (Former § 1170, subd. (b); Stats. 2020, ch. 29, § 14.)  As of January 1, 2022, section 1170(b)(6)(A) now creates a presumption that the trial court should impose the lower term where certain circumstances are present, including where the defendant "has experienced psychological . . . trauma" which "was a contributing factor in the commission of the offense."  (Stats. 2021, ch. 695, § 5, adding § 1170, subd. (b)(6).[7])

---

[7] "During the 2021-2022 legislative term, the Legislature introduced three bills proposing changes to section 1170 in a variety of ways.  (Assem. Bill 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, § 2), and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3).)  The three bills were approved by the Governor and filed with the Secretary of State on October 8, 2021.  Senate Bill No. 567 . . . bears the highest chapter number and is presumed to be the last of the three approved by the Governor.  (Gov. Code, § 9510.)  To the extent there are conflicts between the three bills, Senate Bill No. 567 . . . takes precedence. (*In re Thierry S.* (1977) 19 Cal.3d 727, 738-739 . . . .)  Because the bills are not in conflict and the changes at issue in this appeal were introduced by Assembly Bill 124, for ease of discussion, we refer to Assembly Bill 124 rather than Senate Bill No. 567 . . . .

These amendments to section 1170 apply retroactively to nonfinal judgments as they operate to reduce punishment, and there is no evidence to rebut the presumption of retroactivity. (*People v. Gerson*, *supra*, 80 Cal.App.5th at p. 1095; *People v. Banner* (2022) 77 Cal.App.5th 226, 240; *Banner*, at pp. 243-244 (conc. & dis. opn. of Detjen, Acting P. J.).) The amendments became effective before Williams's sentence became final. (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342 ["For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court"].) Therefore, as conceded by the People, the amendments to section 1170(b)(6)(A) apply retroactively to Williams's sentence on his robbery conviction.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Accordingly, to determine whether resentencing is

_____

[Citation.]" (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1074, fn. 2.)

12

required, we consider whether the record clearly indicates the trial court would have imposed the same sentence had the amendments to section 1170(b)(6)(A) been in place; if not, then remand for resentencing is appropriate. (*People v. Gerson*, *supra*, 80 Cal.App.5th at p. 1096; *People v. Banner*, *supra*, 77 Cal.App.5th at p. 242.)[8]

There is no evidence in the record before us that Williams suffered any particular "psychological . . . trauma" within the meaning of section 1170(b)(6)(A), or that any such trauma was a "contributing factor" in his commission of the robbery. However, as Williams points out, prior to the amendments to section 1170(b)(6)(A) he did not have the same incentive to develop or present evidence he suffered psychological trauma which contributed to his commission of the robbery. (See *People v. Gerson*, *supra*, 80 Cal.App.5th at p. 1096 [remanding for resentencing to retroactively apply amendments to § 1170(b)(6)(A) where the trial court had no reason to make, and the defendant had no reason to seek, "a finding that past psychological or physical trauma was a contributing factor to his commission of any of his offenses"]; see also *People v. Frahs*

---

[8] We note that our colleagues in Division Six have held that section 1170, subdivision (b)(6) applies when a court exercises sentencing discretion, and not to defendants who enter into plea agreements with a stipulated sentence and are sentenced in accord with that plea agreement. *(People v. Kelly* (2022) 87 Cal.App.5th 1, review granted Mar. 22, 2023, S278503.) We need not address this question here. Although Williams pleaded guilty pursuant to a plea agreement in case No. BA494451, the sentence at issue was imposed after a probation revocation and involved the court's exercise of discretion.

(2020) 9 Cal.5th 618, 637-638 [rejecting argument that the defendant had to demonstrate on appeal he was eligible for retroactively available pretrial diversion program as "unduly onerous and impractical" where "the record on appeal is unlikely to include information pertaining to several eligibility factors"].)

Williams contends that we should remand this case for resentencing because "[t]he record . . . (although not yet fully developed) indicates that, at a minimum, he has a history of mental illness and substance abuse." The People concede that remand is appropriate, stating that references in the record regarding Williams's mental health problems "are enough to warrant remand to give [Williams] an opportunity to develop the record in that regard."

We agree.[9] The record suggests that Williams suffers from a mental illness. He exhibited irrational behavior during his various offenses. He was placed in the ODR housing program, which the court described as being for individuals with "severe mental health disorders." Williams received mental health

_____

[9] Williams also contends that remand is required because "if the trial court finds insufficient evidence of the [section 1170, subdivision] (b)(6) factors, it nevertheless has discretion to impose the low term pursuant to section 1170, subd[ivision] (b)(7)." We disagree. Section 1170, subdivision (b)(7) provides, "Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present." (§ 1170, subd. (b)(7).) This new provision does not alter the trial court's sentencing discretion beyond the change effected by section 1170, subdivision (b)(6; thus, if resentencing is not justified under subdivision (b)(6) of section 1170, it cannot be justified under subdivision (b)(7).

14

treatment and medication through the ODR program.  At a hearing on January 8, 2021, Williams acknowledged that he needed to take his medication, and stated, "It feels like the walls are closing in on me, and I wanted to be outside all the time.  I can't be outside all the time due to being on probation and being under certain requirements and stipulation."  In light of this evidence, we cannot conclude that the record "clearly indicates" the trial court would have rendered the same sentence had Assembly Bill 124 been in effect at the time it sentenced Williams on the robbery charge.

Remand is therefore appropriate to allow Williams the opportunity to demonstrate to the trial court that he is entitled to the lower term presumption under section 1170(b)(6)(A).  We express no opinion on whether Williams experienced "psychological . . . trauma" which "was a contributing factor in the commission of the offense" (§ 1170(b)(6)(A)), and, if so, whether "the aggravating circumstances outweigh the mitigating circumstances" such "that imposition of the [presumptive] lower term would be contrary to the interests of justice" (*id.*, subd. (b)(6)).

## DISPOSITION

We conditionally vacate Williams's sentence on the robbery conviction and remand so that, applying amended section 1170(b)(6)(A), the court can determine whether Williams experienced psychological trauma which contributed to his commission of the crime and, if so, impose an appropriate sentence. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P. J.

16