Filed 1/12/24  P. v. Orozco CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS OROZCO,<br><br>    Defendant and Appellant. | 2d Crim. No. B327776<br>(Super. Ct. No. 2020014067)<br>(Ventura County) |

Jose Luis Orozco appeals from the order denying his request for custody credits.  He contends, and the Attorney General concedes, the trial court erred when it denied credits for the time he spent in a residential treatment program.  We reverse and order that Orozco receive an additional 259 days of custody credits.

FACTUAL AND PROCEDURAL HISTORY

In October 2021, Orozco pleaded guilty to unlawfully driving or taking a vehicle.  (Veh. Code, § 10851, subd. (a).)  The trial court sentenced him to three years in state prison, suspended execution of the sentence, and placed Orozco on two

years of formal probation with terms and conditions, including that he serve 365 days in county jail.

During sentencing, the prosecutor informed the court that Orozco would enroll in a residential treatment program at the Salvation Army's facility in Santa Monica. The trial court "ordered [Orozco] to be transported first to the probation department and then to the Salvation Army Santa Monica facility[,] where he [was] to remain in the program." It also ordered Orozco to "follow all [probation department] directions regarding his place of employment, his place of residence, [and] any treatment or . . . programs . . . they think . . . appropriate for him while he's on probation."

The trial court ordered Orozco to complete the Salvation Army residential treatment program, and instructed him to report to the probation department if he left the program so it could figure out "what . . . to do next." The court asked Orozco to waive confidentiality: "The program at Salvation Army is something that is usually private or confidential to you, but because it has to with your release from custody and your sentencing, you agree that the program may communicate with the [c]ourt, if necessary, and the probation department, if necessary, regarding your progress. Do you understand?" Orozco said he did. The court granted him 261 days of custody and conduct credits, and stayed the remainder of his jail sentence pending completion of the program.

In February 2023, defense counsel told the trial court that Orozco had completed the Salvation Army program and was requesting 259 days of additional custody credits for the period December 1, 2021, to August 17, 2022. The court said it normally told defendants who choose a residential treatment program that

they would not receive custody credits. The court instructed the parties to check the record: "[T]he transcript is what controls."

The trial court subsequently conceded it had not expressly warned Orozco that he would not receive custody credits for time spent in the residential treatment program. It nevertheless denied the credits because enrolling in the program was not a probation condition. After finding that Orozco violated probation, the court imposed a three-year prison sentence. It awarded Orozco 376 days of custody and conduct credits for the time spent in county jail, but denied him custody credits for the time spent at the Salvation Army.

## DISCUSSION

Orozco contends, and the Attorney General concedes, that the trial court erred when it denied his request for custody credits for the time spent in the Salvation Army's residential treatment program. We agree.

"In all felony . . . convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon [their] term of imprisonment." (Pen. Code, § 2900.5, subd. (a).) These provisions "apply to custodial time in a residential treatment [program]." (*People v. Jeffrey* (2004) 33 Cal.4th 312, 318.) A defendant may waive their entitlement to such credits, however, to ensure their success in the program. (*Ibid.*)

Here, Orozco did not waive his entitlement to custody credits while participating in the Salvation Army's residential

3

treatment program. And his participation in the program was a condition of probation: The court ordered him to be transported there, ordered him to follow its program directives, ordered him to advise the probation department if he left, and required him to waive confidentiality so the Salvation Army could communicate with probation about his progress.

The Attorney General agrees that participation in the Salvation Army program was a condition of Orozco's probation and that Orozco did not waive entitlement to custody credits for his time spent there. He nevertheless requests that we remand the matter for the trial court to determine whether that time was "custodial." (See *People v. Davis* (2023) 87 Cal.App.5th 771, 777 [placement must be "custodial" to entitle defendant to credits]; *People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1258 [defendant bears burden of showing entitlement to credits]; *People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1922 [whether placement "custodial" a factual question for the trial court].) But when Orozco first requested credits a representative from the Salvation Army was present in the courtroom. Prosecutors chose not to inquire into the conditions of their program. Nor did they choose to do so at the subsequent hearing on Orozco's request. We accordingly reject the Attorney General's remand request. (*People v. Davenport* (2007) 148 Cal.App.4th 240, 247.)

DISPOSITION

The March 17, 2023, order denying Orozco's request for custody credits for the time spent in the Salvation Army's residential treatment program is reversed. The trial court is ordered to award Orozco an additional 259 days of custody credits for the time he spent there pursuant to Penal Code section 2900.5. The clerk of the superior court shall prepare an amended

4

abstract of judgment reflecting the additional credits and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, and Thomas Hartnett, Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.