Filed 12/15/21  P. v. Basnett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090810 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18FE012095; 16FE012843 ) |
| v. | |
| KENNETH ALAN BASNETT, | |
| Defendant and Appellant. | |

Defendant Kenneth Alan Basnett appeals from the judgment imposed following his plea of no contest to two counts of second degree burglary, a subsequent conviction for burglary and misdemeanor possession of methamphetamine, and a probation violation based on those new convictions.  He argues the trial court erred in denying him presentence custody credits for the time he spent in the Salvation Army rehabilitation program.  We agree.  Accordingly, we affirm the convictions and remand the matter to the trial court to calculate the custody credits due.

1

In 2016, in case No. 16FE012843 (843), defendant pled no contest to two counts of burglary.  The plea agreement explicitly indicated an agreed term of three years eight months, execution of sentence suspended "so [that defendant] can enroll and complete the Salvation Army Program.  However, if for whatever reason [defendant is] kicked out of that program or [doesn't] complete it, the Court's going to just impose the three years, eight months, and [defendant] will get no credits for the time spent in Salvation Army."  The probation terms and conditions required defendant to "complete residential treatment program at Salvation Army."  In accordance with the plea, the trial court imposed a three-year eight-month term, suspended execution of sentence, and placed defendant on five years' probation. The court then released defendant to the care and custody of the Salvation Army.

The matter was set for hearing for a progress report to ensure defendant had enrolled in the Salvation Army program.  For that hearing, defendant submitted a letter from the Sacramento Salvation Army Adult Rehabilitation Center (Sacramento Salvation Army program) indicating he had entered the program on July 29, 2016, and the "scheduled graduated [*sic*] date of phase 1 of the program is July 29, 2017."  The matter was set for August 3, 2017, for defendant to show proof of completion of the Salvation Army program.  Defendant did not appear at that hearing.

Defendant was admitted to the Stockton Salvation Army Adult Rehabilitation Center (Stockton Salvation Army program) on October 31, 2016.[2]  The Stockton

---

[1]     The substantive facts underlying defendant's convictions are not relevant to any issue on appeal and are therefore not recounted here.

[2]     In his brief, defendant indicates he left the Sacramento Salvation Army program on October 29, 2016.  He does not cite to any portion of the record to support that claim and we find no reference to that date in our record on appeal.  In a footnote, defendant

Salvation Army program was "a minimum six-month residential program." Defendant successfully completed the program on May 7, 2017.

In 2018, in case No. 18FE012095 (095), the People filed an information alleging defendant had committed a number of additional offenses, including another burglary. The People also filed a probation violation petition in case No. 843, alleging defendant had violated probation by failing to obey all laws, specifically by committing the additional crimes alleged in case No. 095. There were no other allegations as to defendant violating probation. The trial court revoked probation, pending a hearing.

A jury found defendant guilty of one count of burglary and a misdemeanor count of possession of methamphetamine in case No. 095. Based on the evidence presented at that trial, the trial court found defendant violated probation in case No. 843 by committing the crimes charged in case No. 095. Accordingly, the trial court revoked probation.

The trial court sentenced defendant to an aggregate term of six years in state prison in case No. 095, and a consecutive 16-month sentence in case No. 843 (eight months for each count). Defendant submitted evidence he had completed the Salvation Army program, and requested credit for time spent in the program. The trial court denied the request on the grounds the residential treatment program did not qualify for custody credits.

Defendant filed an ex parte motion seeking correction of the custody credits, and argued he was entitled to an additional 282 days of credit against case No. 843. The trial court denied the motion concluding if he was entitled to credits, it would only be for 180 days, for the six-month Stockton Salvation Army program, not 282 days. The trial court

references a motion not contained in our record on appeal as support for that date. As this evidence is not in our record on appeal, we will not consider it.

3

also concluded defendant's completion of the six-month Stockton Salvation Army program did not satisfy the terms of his probation in that it was not a one-year program.

## DISCUSSION

Defendant contends he is entitled to an additional 280 days of custody credit for the time he spent at the Salvation Army rehabilitation centers pursuant to a court order. The People agree generally that under section 2900.5, a defendant is entitled to custody credits for time spent in a residential treatment program, such as the Salvation Army rehabilitation program, as a condition of probation or court order imposing or suspending sentence. They contend, however, that the specific terms of the plea agreement and the conditions of probation ordered by the court required defendant to complete a one-year residential treatment program, and specified that if he did not complete the program, he would not receive credit for time in the program. Thus, the People continue, because defendant did not spend a full year in the treatment program as required by the plea agreement and probation conditions, he is not entitled to custody credits. Defendant counters that the specific language of the plea agreement did not impose a requirement that defendant remain in the program for one year, and because he successfully completed the program, he is entitled to additional custody credits for time spent in the program.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs.' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) Using the paradigm of contract law, we consider the specific language of the plea agreement to ascertain the expressed intent of the parties, and we seek to carry out the parties' reasonable expectations under the circumstances. (*People v. Nguyen* (1993) 13 Cal.App.4th 114, 120.) In identifying the terms of such an agreement, " '[w]e may not "create for the parties a contract which they did not make, and . . . cannot insert

4

in the contract language which one of the parties now wishes were there." [Citation.] [¶] . . . [¶] A contract term will be implied only where the term is "indispensable to effectuate the expressed intention of the parties." [Citation.] A term can only be implied ". . . upon grounds of obvious necessity." ' " (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 505.) Lastly, "we are mindful of the rule that every term of a plea agreement should be stated on the record." (*People v. Feyrer* (2010) 48 Cal.4th 426, 438, superseded by statute on another ground as stated in *People v. Park* (2013) 56 Cal.4th 782, 789, fn. 4.)

The specific language of the plea is simple, clear, and explicit. It requires defendant to complete a Salvation Army rehabilitation program, and if he does not, he will not receive custody credits for time spent in the program. The mutual intention of the parties is manifest in the record. Defendant's intention was to obtain probation. In order to do so, he had to agree to be sentenced to a prison term, with execution suspended, and to agree to numerous probation conditions, including successful completion of a residential program at the Salvation Army. Both the prosecutor and defense counsel understood that defendant would not receive custody credits if he did not complete the program. Nowhere in the record did the parties state or memorialize in writing that defendant would not receive credit for time in a residential treatment program if that program was completed in less than a year. The order of probation does not indicate defendant is required to complete a year-long treatment program.

The People do not point to anything in the plea discussions or probation conditions that suggests such a duration term. Rather, the People rely on subsequent events as evidence of the parties' intent. Specifically, the People point to the fact that after sentencing, defendant submitted proof he had enrolled in the Salvation Army program and that proof from the Salvation Army, for the first time, indicated the "scheduled" graduation date from the program would be one year later. Based on that information,

5

the trial court set the matter for a hearing for defendant to show his completion of the program one year later.

But that indicated term of duration came from an entity not a party to the agreement. The fact that after the plea was entered into and probation conditions imposed, a third party indicated a "scheduled" graduation, or completion date, does not make that an expected term of either the plea or condition of probation. If the People intended that duration was to become a term of the agreement, they should have stated that requirement on the record. The rule that every term of the agreement should be stated on the record is particularly apt here, to ensure that defendant is not made subject to a term of which he was not made fully aware prior to agreeing to the proposed plea, a term that significantly impacts his entitlement to presentence custody credits. Accordingly, we should not, and will not, imply such a term. (*People v. Feyrer*, *supra*, 48 Cal.4th at p. 438.)

The plea agreement and probation conditions required defendant to complete a Salvation Army residential treatment program. He did so. Accordingly, he is entitled to custody credits for the time during which he was in residential treatment. (§ 2900.5; *People v. Davenport* (2007) 148 Cal.App.4th 240, 245, 247.)

On the record before us, it is unclear how many days defendant was in residential treatment. He entered the Sacramento Salvation Army program on July 29, 2016, and at some point left that program. He then entered the Stockton Salvation Army program on October 29, 2016, and completed that program on May 17, 2017. We will remand the matter to the trial court to determine how many days' credit defendant was in residential treatment under section 2900.5 and calculate defendant's credits accordingly.

We also note that although the abstract specifies the two cases, it does not identify which sentence applies to which case number, indicates that each crime was committed in 2018, and that the date of conviction for each was 2019. These errors should also be corrected on remand.

6

## DISPOSITION

The matter is remanded to the trial court to calculate defendant's custody credits and correct the abstract of judgment as noted.  In all other respects, the judgment is affirmed.



/s/
Robie, Acting P. J.


We concur:



/s/
Mauro, J.



/s/
Renner, J.